**EXHIBIT 1**

FILED
TARRANT COUNTY
5/4/2020 4:37 PM
THOMAS A. WILDER
DISTRICT CLERK

342-316747-20

CAUSE NO. _____

| | | |
|---|---|---|
| MCR OIL TOOLS, LLC | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| DMG MORI USA, INC., | § | |
| ELLISON TECHNOLOGIES, INC., | § | |
| and MORI SEIKI U.S.A., INC. | § | TARRANT COUNTY, TEXAS |

<u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **MCR Oil Tools, LLC** ("<u>Plaintiff</u>"), complaining of **DMG Mori USA, Inc.** ("<u>Defendant DMG</u>"), **Ellison Technologies, Inc.** ("<u>Defendant Ellison</u>"), and **Mori Seiki U.S.A., Inc.** ("<u>Defendant Mori Seiki</u>") (Defendant DMG, Defendant Ellison, and Defendant Mori Seiki may be collectively referred to as "<u>Defendants</u>"), and for cause of action would respectfully show the Court the following:

**Introduction**

1. Plaintiff (last three numbers of social security number: N/A; last three numbers of driver's license number: N/A; business address: 7327 Business Place, Arlington, Tarrant County, Texas 76001) brings this action that arises from claims in which a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County, Texas. Alternatively and in addition to the above, this case arises from the purchase and installation of goods in Arlington, Tarrant County, Texas. As such, venue is proper in Tarrant County, Texas. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190.

2. The damages sought are within the jurisdictional limits of the Court.

3. Plaintiff seeks monetary relief over $1,000,000.

## Parties

4.  Plaintiff is a Texas limited liability company authorized to transact business in Texas, with its principal place of business in Arlington, Tarrant County, Texas.

5.  Defendant DMG is an Illinois corporation, authorized to transact business in Texas and having one or more places of business in Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Travis County, Texas 78701.

6.  Defendant Ellison is a Delaware corporation, authorized to transact business in Texas and having one or more places of business in Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Travis County, Texas 78701.

7.  Defendant Mori Seiki is a corporation that was incorporated under the laws of Texas, authorized to transact business in Texas and having one or more places of business in Texas, and may be served with process by serving its registered agent, CT Corporation, at 30 North St. Paul Street, Dallas, Dallas County, Texas 75201.

## Factual Background

8.  In or about October of 2014, Plaintiff contacted Defendant DMG regarding Plaintiff's need to purchase additional machine tools for use in Plaintiff's existing business. Plaintiff contacted Defendant DMG regarding this need, as Plaintiff had previously purchased other machine tools from Defendant DMG. Representatives of Defendant DMG and Defendant Ellison (a distributor of Defendant DMG's products), being familiar with Plaintiff's business, represented to Plaintiff that Defendant DMG was an experienced, qualified manufacturer of machine tools that would meet Plaintiff's needs, and that Defendant DMG's products would be

built with superior workmanship, and would perform in Plaintiff's business in a first-class manner. In reliance on these representations, Plaintiff agreed to purchase two CTX Beta 1250 4A Machines (the "Machines") manufactured by Defendant DMG and distributed by Defendant Ellison, each costing $682,960.00, for a total principal purchase price of $1,365,920.00. Defendant DMG and Defendant Ellison ultimately delivered and installed the Machines at Plaintiff's premises in Arlington, Tarrant County, Texas, on December 19-22, 2016. The balance of the purchase price for the Machines was paid to Defendant Ellison at this time, as well, with Defendant Ellison presumably directing much of those proceeds to Defendant DMG and/or Defendant Mori Seiki. The purchase price was financed by Plaintiff, and the total amount paid by Plaintiff, including finance charges, as of March 9, 2020, is $1,410,952.00.

9. Almost immediately after Defendant DMG and Defendant Ellison installed the Machines at Plaintiff's premises, the Machines began to mis- and underperform, and Plaintiff noticed poor workmanship and quality of the Machines. Examples of these performance issues include but are not limited to the Machines grinding to a halt, exhibiting multiple alarms, exhibiting alarms in a foreign language, exhibiting alarms that do not pertain to the actual errors in performance, parts falling off, parts missing, and production yields of significantly fewer items for Plaintiff's business than was represented to Plaintiff. This has led to not just a bottleneck in Plaintiff's operations as other areas of Plaintiff's business wait on the Machines to produce needed items, but has also led to Plaintiff turning away work and customers that it could otherwise handle were it not for the Machines' underperformance. In addition, Plaintiff has devoted nearly-countless staff hours in multiple attempts to make the Machines perform as promised. Since December 2016, Plaintiff has consistently and repeatedly notified Defendant DMG and Defendant Ellison of these problems, and Defendant DMG has sent numerous personnel to Plaintiff's

premises to work on the Machines. However, as of the filing of this Petition, the Machines continue to mis- and underperform, and Defendant DMG and Defendant Ellison have been either unable or unwilling to make the Machines operate as promised.

10. Such problems are continuing. Since Defendant DMG and Defendant Ellison have failed or refused to render the Machines reasonably operable, Plaintiff has consulted independent experts and learned that substantial defects exist in the manner of construction of the Machines. Upon information and belief, Plaintiff alleges that the Machines were built by Defendant DMG in violation of sound, generally accepted manufacturing practices and industry standards, and distributed by Defendant Ellison contrary to industry standards.

### Relationship Among the Defendants

11. Based on documentation provided to Plaintiff, Plaintiff believes Defendant DMG, Defendant Ellison, and Defendant Mori Seiki to be three separate, but related, companies. In connection with Plaintiff's purchase and attempted use of the Machines, at least three documents were provided to Plaintiff: (a) the Invoice from 2014 and 2015; (b) the Installation and Commissioning Protocol from 2016; and (c) the Applications Work Report from 2020.

12. **The Invoice from 2014 and 2015.** The Invoice submitted to Plaintiff explicitly refers to: (a) "DMG Mori Ellison" (with "DMG Mori" on one line of logo text and "Ellison" underneath that on a separate line of logo text); (b) "9001 Currency Street, Irving, Texas 75063" (the "Currency Address"); and (c) "Ellison Technologies".

    a. **The Name "DMG Mori".** All three Defendants have used the name "DMG Mori." Defendant DMG (Secretary of State of Texas # 800917671) was registered in Texas as "Mori Seiki U.S.A., Inc." in 2007[1] and changed its name

---

[1] Texas Application for Registration, filed 12/31/2007.

to "DMG Mori USA, Inc." in 2017[2]. In 2016, Defendant DMG reported its name as "DMG Mori U.S.A., Inc.," its parent as "DMG Mori Seiki Americas Holding Corporation" with 100% ownership, and "Ellison Technologies, Inc." as its subsidiary with 11.25% ownership[3]. <u>Defendant Ellison</u> (Secretary of State # 800854984) was registered in Texas in 2007[4] and registered the assumed name of "DMG Mori Seiki Ellison Technologies" from April 2013[5] through August 2017[6]. Defendant Ellison was also 11.25% owned by Defendant Mori Seiki until sometime in 2016 or 2017[7]. <u>Defendant Mori Seiki</u> (Secretary of State # 63863000[8]) was registered and organized in Texas in 1983[9], has reported mergers and name changes, and continues to file Texas Public Information Reports under various names using 63863000[10], and in its most-recent Texas Public Information Report, it reports itself as the 100% owner of DMG Mori U.S.A., Inc.[11]

b. **<u>The Currency Address.</u>**  All three Defendants have used the Currency Address.  <u>Defendant DMG</u> has reported ownership of business personal property at the Currency Address since 2017, with a current reported value of

---

[2] Texas Application for Amended Registration, filed 3/31/2017.
[3] Texas Franchise Public Information Report, dated 11/11/2016, filed by Defendant DMG.
[4] Texas Application for Registration, filed 8/8/2007.
[5] Texas Assumed Name Certificate, filed 04/02/2013, by Defendant Ellison.
[6] Texas Abandonment of Assumed Name Certificate, filed 08/25/2017, by Defendant Ellison.
[7] Texas Franchise Public Information Report, dated 05/10/2016, filed by Defendant Ellison (Texas Secretary of State Filing Number 800854984).
[8] Early Adoption of the Business Organizations Code By an Existing Domestic Entity, filed 05/16/2006, by Defendant Mori Seiki.
[9] Articles of Incorporation, filed 01/11/1983, by Defendant Mori Seiki.
[10] Texas Franchise Public Information Report, dated 11/14/2018, effective 5/21/2019, filed by DMG Mori Americas Holdings Corporation (Texas Secretary of State Filing Number 63863000).
[11] Texas Franchise Public Information Report, dated 11/14/2018, effective 5/21/2019, filed by DMG Mori Americas Holdings Corporation (Texas Secretary of State Filing Number 63863000).

$890.650.00[12]. Defendant Ellison has the Currency Address printed under its name in the Invoice, and reported the Currency Address as its principal office in its Assumed Name Certificate for "DMG Mori Seiki Ellison Technologies" from April 2013[13] through August 2017[14]. Defendant Mori Seiki has reported ownership of real property at the Currency Address since 2010, with a current reported value of $5,316,940.00[15], and previously reported ownership of business personal property at the Currency Address until 2017 (when the reported owner of such business personal property was changed to Defendant DMG[16]), and reported the Currency Address as its principal place of business in a Certificate of Merger[17].

13. **The Installation and Commissioning Protocol from 2016.**  The Installation and Commissioning Protocol submitted to Plaintiff explicitly: (a) is titled the "DMG Installation and Commissioning Protocol"; (b) states "Above for DMG/Mori Seiki Service Only"; and (c) states "After completion, send paperwork to your local DMG/Mori Seiki Service Department." On its face, these explicit statements clearly tie the Protocol to Defendant DMG, Defendant Mori Seiki, and to Defendant Ellison (through its assumed name).

14. **The DMG Mori Applications Work Report from 2020.**  The DMG Mori Applications Work Report form submitted to Plaintiff explicitly refers to: (a) DMG Mori; and (b) the Currency Address. As noted above, all three Defendants have used the "DMG Mori" name and the Currency Address.

---

[12] Dallas Central Appraisal District.
[13] Texas Assumed Name Certificate, filed 04/02/2013, by Defendant Ellison.
[14] Texas Abandonment of Assumed Name Certificate, filed 08/25/2017, by Defendant Ellison.
[15] Dallas Central Appraisal District.
[16] Dallas Central Appraisal District.
[17] Texas Certificate of Merger, filed May 24, 2006, by Defendant Mori Seiki.

## Breach of Contract

15. In connection with the above-described transaction, Plaintiff and Defendants entered into an agreement (the "Agreement"), under which Plaintiff paid funds to Defendants in exchange for Defendants' promise to reasonably produce, provide, design, build, deliver, and install the Machines with a certain standard and level of quality.

16. Plaintiff performed under the terms of the Agreement by paying the amount agreed to under the terms of the Agreement.

17. However, Defendants breached the Agreement by failing to reasonably produce, provide, design, build, deliver, and install the Machines with a certain standard and level of quality, either properly or in the manner that Defendants agreed to, and that Plaintiff paid for.

18. The amount of damages suffered by Plaintiff, as occasioned by Defendants' breach of the Agreement, is an amount within the jurisdictional limits of this Court.

## Breach of Warranties

19. Alternatively and in addition to the above, at the time of Plaintiff's purchase of the Machines, Defendant DMG was a manufacturer of machines of the type needed by Plaintiff, and Defendant DMG held itself out as a builder of machines of the type needed by Plaintiff, and Defendant DMG held itself out to the public as having knowledge and skill specific to the business of producing machines of the type needed by Plaintiff.

20. Additionally, Defendant DMG represented and warranted generally that it had machining know-how, knowledge, advanced approaches, and cutting-edge technology, and specifically that the Machines in particular would excel in dynamic performance, would allow powerful milling, and would ensure and achieve high-efficiency machining of shafts and bar materials.

21. For reasons of the above-noted representations and warranties, Plaintiff selected Defendant DMG for its equipment needs.

22. However, the above warranties were breached in that the Machines were neither sufficient to meet Plaintiff's needs, nor were they fully or reliably operational. Defendant DMG, despite repeated requests and demands for such, has failed and refused, and continues to fail and refuse, to bring the Machines to full working order and fully remedy the operational defects and problems identified in the mechanical diagnostics undertaken by both Plaintiff and Defendant DMG.

23. Alternatively and in addition to the above, Defendants impliedly warranted that the Machines would be merchantable, and reasonably fit for the purposes for which they were to be used. However, Defendants, by defectively designing, building, delivering, and installing the Machines as described above, has breached both the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. As a result of such breaches, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court.

## Unconscionable Conduct

24. After providing the Machines to Plaintiff, Defendants engaged in an unconscionable action or course of action by failing and refusing, despite repeated requests and demands for such, to repair the Machines to bring such to full working order and fully remedy the engineering issues identified. By such conduct, Defendants took advantage of the lack of knowledge, ability, experience or capacity of Plaintiff, to Plaintiff's detriment, to a grossly unfair degree.

## Negligence

25.     Alternatively and in addition to the above, Defendant DMG owed a duty to Plaintiff to exercise reasonable care, skill, and diligence in undertaking its design, assembly, manufacture, and repair of the Machines, and in providing the Machines to Plaintiff in a well-made and reasonable manner, having due regard for: (a) the terms of the Agreement; (b) the plans and specifications provided; and (c) the nature and characteristics of Plaintiff's stated needs.

26.     Defendant DMG breached the above-described duty owed to Plaintiff, by negligently designing, assembling, manufacturing, building, delivering, installing, and repairing the Machines, such that the Machines manifested flaws and errors and have failed to reasonably operate, which in turn damaged Plaintiff's ability to efficiently and predictably incorporate the items produced by the Machines into Plaintiff's end-products. Defendant DMG failed to provide the Machines in a well-made and reasonable manner, having due regard for: (a) the terms of the Agreement; (b) the plans and specifications provided; and (c) the nature and characteristics of Plaintiff's stated needs.

27.     As the direct and proximate result of Defendant DMG's conduct and in breach of the duty owed by Defendant DMG to Plaintiff, the Machines subsequently manifested flaws and errors and have failed to reasonably operate, which has caused harm and damage to Plaintiff, in an amount within the jurisdiction of this Court.

## Fraud

28.     Alternatively and in addition to the above, the representations made to Plaintiff by Defendants regarding Defendants' experience and qualifications, the level of workmanship, the fitness of the Machines for Plaintiff's needs, and the soundness and quality of the Machines were made to Plaintiff with the intent and for the purpose of inducing Plaintiff to enter into the

Agreement with Defendants, and such representations were relied on by Plaintiff in engaging Defendants to build, deliver, and install the Machines to Plaintiff's substantial injury and damage. Such representations made by Defendants of past and existing material facts were false. Plaintiff would not have paid Defendants had Plaintiff known about the falsity of the representations. Such conduct by Defendants constitutes fraud, and Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of this court as a result of the Defendants' fraud.

29. Plaintiff further alleges that because Defendants knew that the representations set forth in this Petition were false at the time they were made, the representations were fraudulent, malicious, and grossly negligent and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, Plaintiff will show that it has incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants in a sum within the jurisdictional limits of the Court.

## Conspiracy

30. Alternatively and in addition to the above, all Defendants have benefitted from, and taken advantage of, one or more of the Defendants having taken undue advantage of their relationship with Plaintiff. These actions give rise to a cause of action for civil conspiracy in that two or more Defendants conspired to accomplish and unlawful purpose or to accomplish a lawful purpose by unlawful means. Defendants acted with intent to participate in the conspiracy and Plaintiff has been injured as a proximate cause of Defendants' acts described above.

### Claim for Lost Profits

31. As a proximate result of Defendants' actions described in this Petition, Plaintiff has been impaired in engaging in its profit-making activities. The net loss to Plaintiff in this regard is an amount within the jurisdiction of this Court, and is an amount for which Plaintiff sues.

### Presentment and Demand

32. Plaintiff presented the claim to Defendants and made demand for correction of the damage done to Plaintiff described above more than 30 days prior to the filing of this action, or, alternatively, more than 30 days prior to judgment.

33. Defendants have failed and refused and continue to fail and refuse to correct the damage done to Plaintiff occasioned by the facts described above.

34. Plaintiff's claims remain unsatisfied.

### Conditions Precedent

35. Plaintiff has performed all conditions precedent for filing and prosecuting the claims alleged in this action.

### Attorneys' Fees

36. As a result of Defendants' actions, Plaintiff found it necessary to retain the undersigned attorneys to prosecute this action. Plaintiff is entitled to recover its reasonable and necessary attorneys' fees in this action and certain other costs incident to the prosecution of this suit pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001, *et seq.*

**Prayer**

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that upon final hearing Plaintiff have and recover from Defendants, jointly and severally, as appropriate:

a. Actual damages in excess of the minimum jurisdictional limits of this Court.

b. Exemplary damages.

c. Pre-judgment interest at the highest lawful rate.

d. Reasonable attorneys' fees.

e. Post-judgment interest at the highest lawful rate.

f. Costs of suit.

g. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**HARRIS ★ COOK, L.L.P.**
1309-A West Abram
Arlington, Texas 76013
817/275-8765 – Telephone
817/460-8060 – Facsimile

*/s/Marc A. Stach*
MARC A. STACH
State Bar No. 24000375
RACHEL L. WRIGHT
State Bar No. 24054255
DAVID L. COOK
State Bar No. 00798116
EserviceArl@harriscooklaw.com
ATTORNEYS FOR PLAINTIFF
MCR OIL TOOLS, LLC