**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MCR OIL TOOLS, LLC** | § | **CIVIL ACTION** |
| **Plaintiff,** | § | |
| | § | **NO: 4:20-cv-00560-O** |
| **VS.** | § | |
| | § | |
| | § | |
| | § | |
| **DMG MORI USA, INC.,** | § | |
| **ELLISON TECHNOLOGIES, INC.,** | § | |
| **AND MORI SEIKI U.S.A., INC.** | § | |
| **Defendants.** | § | |

---

**DEFENDANTS DMG MORI USA, INC. AND ELLISON TECHNOLOGIES, INC.'S**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)**
**AND BRIEF IN SUPPORT**

---

TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................... 2

II.     LEGAL STANDARD............................................................................ 5

III.    ARGUMENTS AND AUTHORITIES.................................................. 6

   A.   Plaintiff Fails to Plead a Cognizable Breach of Contract Claim. .......................................6

   B.   Plaintiff's Breach of Warranty Claim is Time-Barred Under Texas's Applicable Statute
        of Limitation. ........................................................................................................7

   C.   Plaintiff's Claims for Unconscionable Conduct Under The Deceptive Trade Practices Act
        Should be Dismissed Pursuant to Texas's Applicable Statute of Limitation and for Failure
        to Plead with Requisite Particularity..................................................................9

      i.   Plaintiff's Claim for Unconscionable Conduct Under The Deceptive Trade Practices
      Act is Time-Barred Under Texas's Applicable Statute of Limitations. .................................. 9

      ii.  Plaintiff's Claim for Unconscionable Conduct Under The Deceptive Trade Practices
      Act Should Be Dismissed For Failure to Plead with Requisite Particularity. ...................... 10

   D.   Plaintiff's Negligence Claims Should be Dismissed Pursuant to Texas's Applicable
        Statute of Limitation and Economic Loss Doctrine.........................................................11

      i.   Plaintiff's Negligence Claims are Barred by Texas's Applicable Statute of Limitation 11

      ii.  The Economic Loss Rule Bars Plaintiff's Negligence Claim. ...................................... 11

   E.   The Plaintiff's Fraud Claims Should be Dismissed Pursuant to Texas's Applicable Statute
        of Limitations, the Economic Loss Doctrine, and for Failure to Plead with Requisite
        Particularity Under Federal Rule of Civil Procedure 9(b). ................................................13

      i.   Plaintiff's Fraud Claims Should be Dismissed Pursuant to Texas's Applicable Statute of
      Limitations.................................................................................................... 13

      ii.  Plaintiff's Fraud Claims Should be Dismissed Pursuant to Texas's Economic Loss
      Doctrine. ..................................................................................................... 14

   F.   The Plaintiff's Conspiracy Claim Should be Dismissed For Failure to State a Cognizable
        Legal Theory, Pursuant to Texas's Applicable Statute of Limitation, the Economic Loss
        Doctrine and for Failure to Plead with Requisite Particularity Under Federal Rule of Civil
        Procedure 9(b)...............................................................................................17

   G.   Plaintiff's Claims for Consequential Damages Are Barred by the Contract. ...................18

      i.   Texas Law and the U.C.C. Dictate that Waivers of Consequential Damages are
      Enforceable and Bar Claims for Such Damages ................................................................. 18

      ii.  Plaintiff's Claims for Consequential Damages, in the form of Lost Profits and Attorneys
      Fees, Are Barred by the Contract ........................................................................ 19

IV.     CONCLUSION.................................................................................... 20

TABLE OF AUTHORITIES

**Cases**

*A.O. Smith Corp. v. Elbi S.p.A.*, 123 F. App'x 617 (5th Cir. 2005)...................................................7

*Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838 (S.D. Tex. 2018). ..........................................8

Apani Southwest, Inc. v. Coca–Cola Enterprises, Inc., 300 F.3d 620 (5th Cir.2002)................17

*Ardoin v. Stryker Corp.*, 2019 WL 4933600 (S.D. Tex. Oct. 7, 2019)...................................16, 17

*Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009)......................................................................................6

*Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97 (5th Cir. 1974)....................................5

*Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965 (N.D. Tex. 2014). ......................................16

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988). ....................................5, 17, 18

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). ..................................................................5

*Childs v. Haussecker*, 974 S.W.2d 31 (Tex.1988).......................................................................11

*Clark v. Bank of Am. N.A.*, No. 3:12-cv-1277-N-BK, 2012 WL 4793465 (N.D. Tex. Aug. 1,
2012), *rec. adopted*, 2012 WL 4793439 (N.D. Tex. Oct. 9, 2012)..........................................12

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000).........................................3

*Daryani v. Wells Fargo Bank, N.A.*, 2012 WL 3527924 (S.D. Tex. Aug. 13, 2012). ...........14, 15

*Diamond  Beach Owners Ass'n v. Stuart Dean Co*., No. 3:18-CV-00173, 2018 WL 7081232
(S.D. Tex. Dec. 19, 2018), *report and recommendation adopted*, No. 3:18-CV-00173, 2019
WL 245462 (S.D. Tex. Jan. 17, 2019). .................................................................................12

*Eastman Chem. Co. v. Niro, Inc.*, 80 F. Supp. 2d 712 (S.D. Tex. 2000).....................................19

*Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894 (Tex. App. 2002)...............................6

*Ellison Techs., Inc. v. Radical Firearms, LLC*, 2019 WL 5963612 (N.D. Ill. Nov. 12, 2019). ...19

*Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194 (Tex. 2011).........................9, 13

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993)................................6, 17

*Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734 (S.D. Tex. 1998). ............................10

*Guey Ming Yeh & Ling Ping Lin v. Safeco Insurance Company of Indiana*, No. 4:18-CV-00026,
2018 WL 1858151 (E.D. Tex. April 18, 2018)......................................................................10

*Hameed Agencies (PVT) Ltd. v. J.C. Penney Purchasing Corp.*, 2007 WL 431339 (Tex. App.--
Eastland Feb. 8, 2007, pet. denied)........................................................................................14

*HECI Expl. Co. v. Neel*, 982 S.W.2d 881 (Tex. 1998). ..................................................................9

*Heil Co. v. Polar Corp.*, 191 S.W.3d 805 (Tex. App.--Fort Worth 2006, pet. denied). ...............14

*Heitschmidt v. City of Houston*, 161 F.3d 834 (5th Cir. 1998). ......................................................5

Hernandez v. Ciba–Geigy Corporation USA, 200 F.R.D. 285 (S.D.Tex.2001)..........................18

*Hininger v. Case Corp*., 23 F.3d 124 (5th Cir.1994)...................................................................12

*Hou–Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103 (Tex.App.-Houston [14th Dist.] 2000, no
pet.). .................................................................................................................................12, 13

*Hydradyne Hydraulics LLC v. Power Eng'g & Mfg. Ltd.*, 2011 WL 1514997 (N.D. Tex. Apr. 20,
2011) .........................................................................................................................................8

*Jones v. Alcoa, Inc*., 339 F.3d 359 (5th Cir. 2003). .......................................................................7

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.
1982). .........................................................................................................................................5

*Kansa Reinsurance v. Cong. Mortg. Corp*., 20 F.3d 1362 (5th Cir. 1994).....................................7

*Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d 647 (E.D. Tex. 1999). ...................................................5

*KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp*., 988 S.W.2d 746 (Tex.1999)..............11

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010). ...............2, 3

*Lovelace v. Software Spectrum, Inc*., 78 F.3d 1015 (5th Cir. 1996)..............................................10

*Mathews v. Stryker Corp.*, 2010 WL 11618059 (N.D. Tex. Apr. 22, 2010). ................................ 8
*Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, 2010 WL 1996596 (S.D. Tex. May 17, 2010). ........................................................................................................................... 14
*Morris v. Cessna Aircraft Co.*, 833 F. Supp. 2d 622 (N.D. Tex. 2011). ........................................ 8
*Munoz v. HSBC Bank USA, N.A.*, No. H-12-0894, 2013 WL 265982 (S.D. Tex. Jan. 22, 2013). 2, 3
*Nathenson v. Zonagen Inc.*, 267 F.3d 400 (5th Cir. 2001). ......................................................... 15
*Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805 (S.D. Tex. 2013). ................. 6, 7
*People's Choice Home Loan, Inc. v. Mora*, No. 06 Civ. 1709, 2007 WL 708872 (N.D. Tex. Mar. 7, 2007). ............................................................................................................................... 17
*Pinela-Navarro v. BAC Home Loans Servicing LP*, EP-11-CV-131-PRM, 2011 WL 3666586 (W.D. Tex. July 29, 2011). ....................................................................................................... 6
*Pipefitters Local No. 636 Defined Benefit Plan v. Zale Corp.*, 499 F. App'x 345 (5th Cir. 2012). ........................................................................................................................................ 10, 15
*PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79 (Tex. 2004). ......... 9
*Pugh v. Gen. Terrazzo Supplies, Inc.*, 243 S.W.3d 84 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). ................................................................................................................................ 12
*Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025 (S.D. Tex. 2016). .................................. 19
*Southwestern Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991). .................................. 12
*Structural Metals, Inc. v. S & C Elec. Co.*, 2012 WL 930816 (W.D. Tex. Mar. 19, 2012) ........... 6
*Sullivan v. Leor Energy, LLC*, 600 F.3d 542 (5th Cir. 2010). ........................................ 10, 16, 17
*Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944 (5th Cir. 2014). .................................................... 7
*Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583 (7th Cir. 1989). .................................. 5
*UST-Mamiya, Inc. v. True Sports, Inc.*, 2020 WL 905358 (N.D. Tex. Feb. 25, 2020). ................ 2
*Via Net v. TIG Ins. Co.*, 211 S.W.3d 310 (Tex. 2006). ............................................................... 8
*Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515 (Tex.1988). ............................................... 13

**Statutes**

Civ. Prac. & Rem. Code Section 16.003(a) ................................................................................ 11
Tex. Bus. & Com. Code Ann. § 2.102. ........................................................................................ 7
Tex. Bus. & Com. Code Ann. § 2.719(3). ................................................................................. 18
Tex. Bus. & Com. Code Ann. § 2.725(a). .................................................................................... 8
Tex. Bus. & Com. Code Ann. § 2.725(b) ..................................................................................... 8
Tex. Civ. Prac. & Rem. Code § 16.004(a)(4) ............................................................................. 13
U.C.C. § 2–719(3) ..................................................................................................................... 18

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................................... 15
Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 2, 5

TO THIS HONORABLE COURT:

Defendants, DMG MORI USA, Inc. and Ellison Technologies, Inc., file their Motion to Dismiss (the "Motion") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and Brief in Support thereof.  Defendants request that the Court dismiss the claims addressed in this Motion and Brief as asserted in Plaintiff's Original Petition, and respectfully show the Court as follows:

## I.     <u>INTRODUCTION</u>

1.      On or about May 4, 2020 MCR Oil Tools, LLC ("Plaintiff" or "MCR") filed its Original Petition complaint ("Complaint") against DMG MORI USA, Inc. ("DMG MORI") and Ellison Technologies, Inc. ("Ellison") (collectively, the "Defendants").

2.      Plaintiff alleges that Defendants entered into an enforceable agreement for the purchase of two CTX Beta 1250 4A Machines (the "Machines"). (Compl. ¶¶ 8, 15.) Plaintiff executed that agreement on October 28, 2014. (Compl. ¶ 12; Purchase Order attached as **Exhibit A** ("Contract"), Appx. at 1-2.)

3.      Plaintiff alleges that DMG MORI is a machine tool manufacturer, and in 2014, Ellison was a distributor of DMG MORI products. (Compl. ¶ 8.)

4.      Plaintiff alleges a valid agreement between Plaintiff and Defendants, and this agreement forms the basis of Plaintiff's Breach of Contract claim. (Compl. ¶¶ 12, 15.) Therefore, the agreement between the parties—here the Contract—is referenced in the complaint and central to the claim, and therefore may be considered. *See Lone Star Fund V (U.S.), L.P. v Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *UST-Mamiya, Inc. v. True Sports, Inc.*, No. 3:19-CV-2745-B, 2020 WL 905358, at *3 (N.D. Tex. Feb. 25, 2020) (court considered parties' purchase agreement, even though not attached to the complaint, but attached to motion to dismiss, because the agreement was "necessary to establish an element of one of the plaintiff's [breach of contract] claims"); *Munoz v. HSBC Bank USA, N.A.*, No. H-12-0894, 2013 WL 265982 at *2 (S.D. Tex. Jan.

22, 2013) (citing *Lone Star*, 594 F.3d at 387); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

5.      Pursuant to the Contract, at Section 5 of the "Purchase Order Addendum," Plaintiff waived any right to consequential damages vis-a-vis Ellison related in any way to the Machines or the Contract. Specifically, Plaintiff agreed that Ellison, in no event, would be liable for "any indirect, consequential, special, incidental or punitive damages of any kind from any cause arising out of or related to the Purchase order, the [Machines] or their installation or the use or the inability to use any of the [Machines]." (Ex. A at 2.)

6.      Plaintiff alleges that Defendants issued another "Invoice" in 2015. (Compl. ¶¶ 11, 12.) In April 2015, "at [Plaintiff]'s request," the Machines were delivered to Plaintiff to "be stored at [Plaintiff]'s Rigger DFW Movers." (2015 Invoice attached as **Exhibit B**, Appx. at 3.) Just as with the Contract, the 2015 Invoice is referenced in the Complaint and central to Plaintiff's claims, and therefore may be considered by the Court on a Rule 12(b)(6) motion.  At that time of delivery to Plaintiffs in 2015, the risk of loss and damage for the Machines transferred to Plaintiff, which Plaintiff agreed to and acknowledged. *Id.*

7.      Between December 19 and 22, 2016, the Machines were installed at Plaintiff's production facility. (Compl. ¶ 8.) According to the Complaint, "almost immediately" after the Machines were installed in December 2016, "the Machines began to mis- and underperform." (Compl. ¶ 9.)

8.      Plaintiff alleges that Defendants breached the Contract by failing to "*reasonably* produce, provide, design, build, deliver, and install the Machines *with a certain standard and level of quality*." (Compl. ¶ 17 (emphasis added).)

9.      Plaintiff further alleges a breach of warranty claim against DMG MORI that "DMG represented and warranted generally that it had machining know-how, knowledge, advanced approaches, and cutting-edge technology, and specifically that the Machines in particular would excel in dynamic performance, would allow powerful milling, and would ensure and achieve high-efficiency machining of shafts and bar materials." (Compl. ¶ 20.) Plaintiff further alleges a breach of the implied warranty of merchantability and implied warranty of fitness for a particular purpose against both Defendants. (Compl. ¶ 22.)

10.      Next, Plaintiff alleges Defendants violated the Texas Deceptive Trade Practices Act ("DTPA") by engaging "in an unconscionable action or course of action by failing and refusing, despite repeated requests and demands for such, to repair the Machines to bring such to full working order and fully remedy the engineering issues identified." (Compl. ¶ 24.)

11.      Plaintiff then alleges a tort claim against DMG MORI, claiming DMG MORI breached a duty to Plaintiff by "negligently designing, assembling, manufacturing, building, delivering, installing, and repairing the Machines," and is therefore liable for negligence. (Compl. ¶ 26.)

12.      Plaintiff's final two causes of action are fraud and conspiracy, alleging that Defendants made fraudulent representations to Plaintiff, and Defendants "conspired to accomplish and unlawful purpose or to accomplish a lawful purpose by unlawful means." (Compl. ¶¶ 28-30.)

13.      Finally, Plaintiff alleges, in a paragraph separate from its allegations for each claim, that it is entitled to consequential damages in the form of "lost profits" based on Defendants' conduct related to the Machines. (Compl. ¶ 31.) Plaintiff alleges additional consequential damages of attorneys' fees and costs of this suit. (Compl. ¶ 36; Prayer.) Plaintiff's claims for consequential damages, however, are explicitly barred by the Contract. (Ex. A, Appx. at 1-2.)

## II.   <u>LEGAL STANDARD</u>

14.     Pursuant to Federal Rule of Civil Procedure 12(b)(6), a case must be dismissed when the allegations asserted in the petition fail "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  The United States Supreme Court has addressed the standard of pleading in order to state a claim for relief and avoid dismissal under Federal Rule of Civil Procedure 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that the factual allegations in a complaint must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557–558 (2007). The Supreme Court expressly rejected the standard that a plaintiff states a cause of action if the allegations raise the possibility that the plaintiff could establish some set of facts to support recovery.  *Id.* at 561–563.

15.     Dismissal under Rule 12(b)(6) is appropriate when it appears no relief can be granted under any set of facts that could be proven consistent with the allegations.  *Heitschmidt v. City of Houston*, 161 F.3d 834 (5th Cir. 1998); *Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d 647, 650 (E.D. Tex. 1999).   A plaintiff must plead specific facts in his petition; conclusory allegations or legal conclusions disguised as factual conclusions are insufficient to survive a Rule 12(b)(6) motion to dismiss.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (stating that "we do not accept as true conclusionary allegations in the Petition")). A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "Conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009); *Pinela-Navarro v. BAC Home Loans Servicing LP*, EP-11-CV-131-PRM, 2011 WL 3666586 (W.D. Tex. July 29, 2011).

### III.    <u>ARGUMENTS AND AUTHORITIES</u>

### A.    Plaintiff Fails to Plead a Cognizable Breach of Contract Claim.

16.    Plaintiff's breach of contract claim is not cognizable under Texas law. As a matter of law, a breach of contract and breach of warranty are distinct and different claims with different remedies. When a party fails to deliver the goods pursuant to a contract for the sale of goods, a breach of contract occurs, and "remedies for breach of contract are available to a buyer when the seller fails to make delivery." *Structural Metals, Inc. v. S & C Elec. Co.,* No. SA-09-CV-984-XR, 2012 WL 930816, at *3 (W.D. Tex. Mar. 19, 2012). But when a seller delivers non-conforming goods, it is a breach of warranty. *Id.*; *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 832 (S.D. Tex. 2013); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 897 (Tex. App. 2002). Thus, where a plaintiff alleges the defendant delivered the goods but the goods were defective or not of a certain standard, then as a matter of law, the plaintiff has no claim for breach of contract, but only claims for breach of warranties. *See Structural Metals*, 2012 WL 930816, *3 (dismissing breach of contract claim where seller delivered the two units and a design system, and the plaintiff merely complained that the units and design system were defective); *Omni USA*, 964 F. Supp. 2d at 832 (concluding as a matter of law that buyer did not have a claim for breach of contract, but only claims for breach of warranties, where seller did not fail to deliver the goods).

17.     Plaintiff alleges that the Machines "were not of a certain standard and level of quality," "mis- and underperformed," and "were neither sufficient to meet Plaintiff's needs, nor were they fully or reliably operational." (Compl. ¶¶ 9, 17, 22.) These are allegations that the Machines were non-conforming—a breach of warranty claim. *See A.O. Smith Corp. v. Elbi S.p.A.*, 123 F. App'x 617, 619 (5th Cir. 2005) (holding that when a buyer receives non-conforming goods, breach of warranty is the remedy).

18.     Based on the allegations of the Complaint, Plaintiff cannot pursue a breach of contract claim because Plaintiff does not allege that Defendants failed to deliver the Machines. In fact, Plaintiff affirmatively pleads the opposite, **expressly** alleging that the Defendants delivered the Machines. (*E.g.*, Compl. ¶¶ 8–10, 13, 17, 22–24.) Accordingly, Plaintiff's count for breach of contract should be dismissed with prejudice. *See Omni USA*, 964 F. Supp. 2d at 832.

### B.     Plaintiff's Breach of Warranty Claim is Time-Barred Under Texas's Applicable Statute of Limitations.

19.     Plaintiff's breach of warranty claim is time-barred by Texas's four-year statute of limitations because the claim accrued more than five years ago, at the latest. It is appropriate to resolve a statute of limitations defense on a Rule 12(b)(6) motion "where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Kansa Reinsurance v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366–70 (5th Cir. 1994) (dismissing a claim as time-barred where the claim was filed after the applicable statute of limitations had run). Dismissal of Plaintiff's warranty claim is appropriate.

20.     The Uniform Commercial Code ("U.C.C."), as adopted by Texas, applies to transactions in goods. Tex. Bus. & Com. Code Ann. § 2.102. Under Texas law and the U.C.C., a breach of warranty claim involving the sale of goods "must be commenced within four years after

the cause of action has accrued." Tex. Bus. & Com. Code Ann. § 2.725(a). Under Section 2.725(b), a breach of warranty claim begins accruing from the *date of delivery*, regardless of whether the plaintiff lacks knowledge of the breach. Tex. Bus. & Com. Code Ann. § 2.725(b) ("A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made."); *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (Texas "specifically rejected the discovery rule in . . . contract cases involving the sale of goods").

21.     Therefore, a breach of warranty claim is barred if it is not brought within four years of delivery of the good. *Morris v. Cessna Aircraft Co.*, 833 F. Supp. 2d 622, 643 (N.D. Tex. 2011) (breach of warranty claim barred where subject plane was purchased and delivered more than four years before lawsuit); *Hydradyne Hydraulics LLC v. Power Eng'g & Mfg. Ltd.*, No. 3:09-CV-1577-L, 2011 WL 1514997, at \*5–6 (N.D. Tex. Apr. 20, 2011) (dismissing breach of warranty claim where gearboxes were delivered to plaintiff more than four years before lawsuit). And where a plaintiff fails to file its lawsuit within four years of the day of delivery or sale, courts grant motions to dismiss these breach of warranty claims. *Mathews v. Stryker Corp.*, No. 09-CV-2069-F, 2010 WL 11618059, at \*3 (N.D. Tex. Apr. 22, 2010) (granting motion to dismiss breach of warranty claim where product delivered more than four years before lawsuit); *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 846 (S.D. Tex. 2018) (ruling that breach of warranty claims accrue at the time of delivery or sale).

22.     In this case, the Plaintiff alleges that the Machines were tendered and delivered to Plaintiff in April of 2015. (Ex. B., Appx. at 3.) Plaintiff's warranty claims, therefore, began accruing in April 2015. Consequently, Plaintiff's breach of warranty claims extinguished in April 2019, four years after delivery. Plaintiff, however, did not file this lawsuit until May 4, 2020, more

than a year after the limitations period expired. (*See* **Exhibit C** ("Docket Sheet"), Appx. at 4-5.) Therefore, Plaintiff's breach of warranty claim should be dismissed with prejudice.

      **C.**    **Plaintiff's Claims for Unconscionable Conduct Under The Deceptive Trade Practices Act Should be Dismissed Pursuant to Texas's Applicable Statute of Limitations and for Failure to Plead with Requisite Particularity.**

            **i.**    **Plaintiff's Claim for Unconscionable Conduct Under The Deceptive Trade Practices Act is Time-Barred Under Texas's Applicable Statute of Limitations.**

23.      Plaintiff's claim for affirmative relief under the Deceptive Trade Practices Act ("DTPA") for "unconscionable conduct" is also barred by the statute of limitations because Plaintiff alleges that it possessed actual knowledge of the facts giving rise to the claim roughly four years before this lawsuit was filed. (Compl. ¶¶ 8–9.) But, under Texas law, a plaintiff only has *two years* to file a DTPA claim. TEX. BUS. & COM. CODE § 17.565 (DTPA).

24.      A DTPA action accrues and "begin[s] to run when facts come into existence that authorize a claimant to seek a judicial remedy, *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011) (collecting cases), or when party knew, or "should have known[,] of the facts giving rise to a cause of action." *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). Once a plaintiff learns of an injury, the statute of limitations begins to run even if the plaintiff does not yet know "the specific cause of the injury . . . [or] the full extent of it." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93–94 (Tex. 2004).

25.      In this case, Plaintiff alleges the Machines began underperforming in December 2016. (Compl. ¶¶ 8–9.) Consequently, Plaintiffs DTPA claims extinguished two years later in December 2018. Plaintiff, however, did not file this lawsuit until May 4, 2020, over two years after the limitations period expired. (*See* **Exhibit C** ("Docket Sheet"), Appx. at 4-5.) Accordingly, Plaintiff's DTPA claims for unconscionable conduct should be dismissed with prejudice.

ii.    **Plaintiff's Claim for Unconscionable Conduct Under The Deceptive Trade Practices Act Should Be Dismissed For Failure to Plead with Requisite Particularity.**

26.    Plaintiff's claim for unconscionable conduct pursuant to DTPA should be dismissed because the allegations of the Complaint are not plead with the requisite particularity as required under the statute. "[C]laims alleging violations of . . .  the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Guey Ming Yeh & Ling Ping Lin v. Safeco Insurance Company of Indiana*, No. 4:18-CV-00026, 2018 WL 1858151, at \*3 (E.D. Tex. April 18, 2018), 2018 WL 1858151, at \*3 (citing *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998)). A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6). *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

27.    Pursuant to Rule 9(b), Plaintiff is required to specifically identify the person that committed the fraud, what she did, when she did it, where she did it and how she perpetrated the fraud. *Pipefitters Local No. 636 Defined Benefit Plan v. Zale Corp.*, 499 F. App'x 345, 349 (5th Cir. 2012) ("In other words, Rule 9(b) requires the who, what, when, where, and how to be laid out in the complaint.")

28.    In the two sentences that make up the entirety of the unconscionable conduct count, the Plaintiff does not identify *who* engaged in the unconscionable conduct or *when* the unidentified perpetrator engaged in the alleged unconscionable conduct. (Compl. ¶¶ 8–9.). Accordingly, Plaintiff's claims for unconscionable conduct should be dismissed. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (affirming dismissal of fraud claims under

Rule 9(b) standard for failure to "allege who at the company made the statements or when or where they occurred").

> **D.**   **Plaintiff's Negligence Claims Should be Dismissed Pursuant to Texas's Applicable Statute of Limitations and Economic Loss Doctrine.**
>
> > **i.   Plaintiff's Negligence Claims are Barred by Texas's Applicable Statute of Limitations.**

29.   Plaintiff's cause of action for negligence against DMG MORI is barred by Texas's two-year statute of limitations. Plaintiff alleges DMG MORI breached a duty owed to Plaintiff by negligently designing, assembling, manufacturing, building, delivering, installing, and repairing the Machines.  (Compl. ¶ 25.) The limitations period for a negligence action is two years. Tex. Civ. Prac. & Rem. Code Section 16.003(a); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746,750 (Tex.1999). In most cases, an action for negligence "accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury" or whether all resulting damages have already occurred. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex.1988). Under this rule, the action accrues even if the injury is not immediately apparent and the plaintiff is unaware of the breach. *Zidell v. Bird*, 692 S.W.2d 550, 554 (Tex.App. – Austin 1985, no writ).

30.   Plaintiff alleges that the Machines were negligently delivered to Plaintiff in April 2015. (Ex. B., Appx. at 3.) Plaintiff's negligence claims, therefore, began accruing in April 2015. Consequently, Plaintiff's negligence claims extinguished in April 2017, two years after delivery. Plaintiff, however, did not file this lawsuit until May 4, 2020, more than two years after the limitations period expired. (*See* **Exhibit C** ("Docket Sheet"), Appx. at 4-5.) Therefore, Plaintiff's negligence claim should be dismissed with prejudice.

> > **ii.   The Economic Loss Doctrine Bars Plaintiff's Negligence Claim.**

31.   The economic loss doctrine also bars Plaintiff from pursuing the negligence claim. Under Texas law, the economic loss doctrine precludes recovery in tort when the loss complained

of is the subject matter of a contract. *Clark v. Bank of Am. N.A.*, No. 3:12-cv-1277-N-BK, 2012 WL 4793465, at 5 (N.D. Tex. Aug. 1, 2012), *rec. adopted*, 2012 WL 4793439 (N.D. Tex. Oct. 9, 2012) (citing *Southwestern Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)). Additionally, the economic loss doctrine bars tort claims such as negligence against the manufacturer or seller of an allegedly defective product where the only alleged damage is harm to the product itself and not damage to 'other property' or 'personal injury.'" *Diamond Beach Owners Ass'n v. Stuart Dean Co*., No. 3:18-CV-00173, 2018 WL 7081232, at *3 (S.D. Tex. Dec. 19, 2018), *report and recommendation adopted*, No. 3:18-CV-00173, 2019 WL 245462 (S.D. Tex. Jan. 17, 2019) (citing *Pugh v. Gen. Terrazzo Supplies, Inc*., 243 S.W.3d 84, 91 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)).

32.    Regarding the application of the economic loss doctrine to losses that are the subject matter of a contract, the doctrine has also been applied to preclude tort claims between parties who are not in privity. *Pugh v. Gen. Terrazzo Supplies, Inc*., 243 S.W.3d 84, 91 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citation omitted), citing *Trans–Gulf Corp. v. Performance Aircraft Servs., Inc.*, 82 S.W.3d at 694–95; *Coastal Conduit & Ditching, Inc*., 29 S.W.3d at 285–90; *Hou–Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 106–07 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Hininger v. Case Corp*., 23 F.3d 124, 126–27 (5th Cir.1994).

33.    For example, in *Hou–Tex, Inc. v. Landmark Graphics*, an oil and gas company contracted with a geological contractor to assist it in choosing a drilling site. *Hou–Tex, Inc.*, 26 S.W.3d at 106–07. The contractor used defective computer software, which resulted in the drilling of a dry well. *Id*. at 107. The oil and gas company filed suit to recover its economic losses under a negligence theory against the software developer, and the two did not have a contractual relationship. *Id*. The Court stated, "[t]he fact of most import is that Hou-Tex suffered only

economic damages for its costs of drilling a dry well." *Id.* Given this fact, the *Hou-Tex* Court held that the software developer owed no duty to the oil and gas company, and the economic loss doctrine precluded the oil and gas company's claims for negligence against the software developer. *Id.*

34.     In the present case, Plaintiff only alleges it has sustained economic damages with respect to the Machines and lost profits. Plaintiff does not allege damages to other property or personal injury. Accordingly, DMG MORI owed no duty to Plaintiff, and the economic loss doctrine bars Plaintiff's claims for negligence. *Id.*

**E.     The Plaintiff's Fraud Claims Should be Dismissed Pursuant to Texas's Applicable Statute of Limitations, the Economic Loss Doctrine, and for Failure to Plead with Requisite Particularity Under Federal Rule of Civil Procedure 9(b).**

**i.   Plaintiff's Fraud Claims Should be Dismissed Pursuant to Texas's Applicable Statute of Limitations.**

35.     Plaintiff's fraud claims are barred by Texas's four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4); *Exxon Corp. v. Emerald Oil & Gas Co*., 348 S.W.3d 194, 216 (Tex. 2011). A cause of action for fraud accrues on the date the defendant makes the false representation. *Woods v. William M. Mercer, Inc*., 769 S.W.2d 515, 517 (Tex.1988).

36.     Plaintiff alleges Defendants made the actionable false representations leading to its purchase of the Machines in October 2014.  (Compl. ¶¶ 8, 28.). Accordingly, Plaintiff's fraud claim began accruing in October 2014. Consequently, Plaintiff's fraud claim extinguished in October 2018 pursuant to the four-year statute of limitations. Plaintiff, however, did not file this lawsuit until May 4, 2020, more than two years after the limitations period expired. (*See* **Exhibit C** ("Docket Sheet"), Appx. at 4-5.) Therefore, Plaintiff's fraud claim should be dismissed with prejudice.

      **ii.**    **Plaintiff's Fraud Claims Should be Dismissed Pursuant to Texas's Economic Loss Doctrine.**

37.    Plaintiff's fraud claim is also barred by the economic loss doctrine. The economic loss doctrine bars fraud claims where a plaintiff alleges no damages independent of those suffered as a result of an alleged breach of contract. *See, e.g., Daryani v. Wells Fargo Bank, N.A.*, No. 4:10-cv-05181, 2012 WL 3527924, at \*3-4 (S.D. Tex. Aug. 13, 2012) (dismissing fraud claim based on the economic loss rule); *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, No. H-09-3828, 2010 WL 1996596, at \*7 (S.D. Tex. May 17, 2010) (recognizing the economic loss rule as a bar to fraud claims); *Hameed Agencies (PVT) Ltd. v. J.C. Penney Purchasing Corp.*, No. 11-05-00140-CV, 2007 WL 431339, at \*5 (Tex. App.-- Eastland Feb. 8, 2007, pet. denied) (holding that a plaintiff advancing a fraud claim based on a contract must prove loss independent of the contract); *Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 817 (Tex. App.--Fort Worth 2006, pet. denied) (holding that the economic loss rule barred fraud claim).

38.    Plaintiff does not allege any independent conduct or economic injury separate and apart from the economic loss that is the subject of the Contract and Machines. In fact, Plaintiff alleges the exact same economic injury related to the design, build, delivery and installation of the Machines in the contract claim and the breach of warranty count as Plaintiff alleges in the fraud count.

<u>Breach of Contract Allegations:</u>

> Defendants breached the agreement by failing to reasonably provide, **design, build**, **deliver**, and **install** the Machines with a certain standard of quality, either property or in the manner that Defendants agreed to, and Plaintiff paid for.

(Compl. ¶ 17 (emphasis added).)

Breach of Warranty Allegations:

> Defendants, by defectively **designing, building, delivering and installing** the Machines…breached both the implied warranty of merchantability and the implied warranty of fitness…As a result of such breaches, Plaintiff has suffered damages.

(Compl. ¶ 23 (emphasis added).)

Fraud Allegations:

> …such representations were relied on by Plaintiff in engaging Defendant to **build, deliver** and **install** the Machines to Plaintiff's substantial injury and damage.

(Compl. ¶ 28 (emphasis added).)

39.     As Plaintiff explicitly alleges that the building, delivery and installation of the Machines as the express subject matter of the Contract, as a matter of law, the same conduct cannot form the basis of a fraud claim. *Daryani*, 2012 WL 3527924, at *3. Accordingly, the fraud claim should be dismissed with prejudice.

### iii.     The Fraud Claim Should be Dismissed Because It Is Not Plead With Requisite Particularity Under Federal Rule of Civil Procedure 9(b).

40.     The fraud claim should also be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b) which requires particularity in pleading the "circumstances constituting fraud." FED. R. CIV. P. 9(b). In order to avoid dismissal, a plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); *see also Pipefitters Local No. 636 Defined Benefit Plan v. Zale Corp.*, 499 F. App'x 345, 349 (5th Cir. 2012) ("In other words, Rule 9(b) requires the who, what, when, where, and how to be laid out in the complaint.") (quotations omitted). For example, to reach the requisite level of particularity in alleging fraud against a company, the plaintiff must

"name the individuals who made false representations, and recount specific statements that were false representations." *Ardoin v. Stryker Corp.*, No. 4:18-CV-2192, 2019 WL 4933600, at *6 (S.D. Tex. Oct. 7, 2019) (granting motion to dismiss where plaintiff did not identify the speaker or the specific statements of the defendant-manufacturer).

41.     To state a fraud claim under Texas law, a complaint must plausibly set forth the following elements: "(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 972 (N.D. Tex. 2014).

42.     Plaintiff's Complaint fails to plead the who and where of its fraud claim. First, Plaintiff fails to identify any individuals *who* made any alleged misrepresentation. Rather, Plaintiff broadly —and without the requisite specificity— pleads that there were "representations made to Plaintiff by Defendants." (Compl. ¶ 28.) Second, Plaintiff fails to plead any facts, as required under Rule 9(b), *where* the alleged misrepresentations took place. (Compl. ¶ 28.) These deficiencies require dismissal. *See Sullivan,* 600 F.3d at 551 (5th Cir. 2010) (affirming dismissal of fraud claims under Rule 9(b) standard for failure to "allege who at the company made the statements or when or where they occurred").

43.     Plaintiff also fails to adequately plead the *what* and the *how* behind the purported fraud as Plaintiff only pleads conclusory allegations. The conclusory allegations contained in Plaintiff's Complaint are not entitled to assumption of truth for purposes of determining whether the allegations state a claim entitling the Plaintiff to relief. *See Iqbal,* 556 U.S. at 678. Plaintiff has

alleged no facts to support its legal conclusion that Defendants made false representations to Plaintiff regarding Defendants' experience and qualifications, the level of workmanship, the fitness of the Machines for Plaintiff's needs, and the soundness and quality of the Machines. (*See* Compl. ¶ 28.) Plaintiff also fails to allege any facts which support its conclusory allegations that Defendants allegedly knew their representations were false at the time they were made, that they were fraudulent, malicious, and grossly negligent. (*See* Compl. ¶ 29.) Consequently, the fraud claim should be dismissed for lack of the requisite specificity as required under Rule 9(b). *See Sullivan*, 600 F.3d at 551; *Ardoin*, 2019 WL 4933600 at *6.

> **F.   The Plaintiff's Conspiracy Claim Should be Dismissed For Failure to State a Cognizable Legal Theory, Pursuant to Texas's Applicable Statute of Limitation, the Economic Loss Doctrine and for Failure to Plead with Requisite Particularity Under Federal Rule of Civil Procedure 9(b).**

44.   Plaintiff's civil conspiracy claim should be dismissed because it is impossible to decipher the nature of the claim. A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri,* 901 F.2d at 699. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes*, 987 F.2d at 284. Furthermore, to prove a cause of action for civil conspiracy under Texas law, a plaintiff must establish each of the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *People's Choice Home Loan, Inc. v. Mora*, No. 06 Civ. 1709, 2007 WL 708872 at *5 (N.D. Tex. Mar. 7, 2007) (quoting *Apani Southwest, Inc. v. Coca–Cola Enterprises, Inc.,* 300 F.3d 620, 635 (5th Cir.2002).

45.   Plaintiff's civil conspiracy claim should be dismissed because there are only conclusory allegations and legal conclusions without any facts to support a cognizable legal theory.

In fact, Plaintiff does not plead facts to support a single element of the cause of action. Plaintiff does not identify two purported conspirators. Plaintiff does not allege an object to be accomplished. Plaintiff does not allege a meeting of minds on the object or course of action. Plaintiff does not allege one or more unlawful overt acts or damages as the proximate result. Accordingly, the conspiracy count should be dismissed given the absence of sufficient facts alleged to support a cognizable legal theory. *Balistreri,* 901 F.2d at 699

46.     In the event the Plaintiff contends that the alleged fraud is the act that the Defendants conspired to commit, the civil conspiracy count should be dismissed with prejudice because Plaintiff is barred from pursuing the fraud claim pursuant to Texas's four-year statute of limitation, the economic loss doctrine, and because plaintiff failed to plead the fraud claim with the requisite particularity under Rule 9(b) as detailed above.   *Hernandez v. Ciba–Geigy Corporation USA,* 200 F.R.D. 285, 292 (S.D.Tex.2001) (derivative claim of conspiracy dismissed where plaintiff failed to adequately plead underlying tort of fraud).

### G.     Plaintiff's Claims for Consequential Damages Are Barred by the Contract.

47.     Finally, if the Court does not grant Defendants' motion to dismiss on all of Plaintiff's claims, the Court should dismiss Plaintiff's claim for lost profits, punitive damages and attorney's fees, because the Contract between the parties disclaims the recovery of "any indirect, consequential, special, incidental or punitive damages of any kind from any cause arising out of or related to . . . [the Contract or the Machines]." (Ex. A, Appx. at 1-2.)

#### i.  Texas Law and the U.C.C. Dictate that Waivers of Consequential Damages are Enforceable and Bar Claims for Such Damages

48.     Texas has adopted the U.C.C.'s rule that explicitly permits parties to agree to waive consequential damages. Specifically, contracting parties may exclude consequential damages, including lost profits. U.C.C. § 2–719(3); Tex. Bus. & Com. Code Ann. § 2.719(3). This type of

exclusion or waiver applies to claims arising from the parties' contract or goods exchanged, requiring dismissal of consequential damages. *See Ellison Techs., Inc. v. Radical Firearms, LLC*, 19-cv-2602, 2019 WL 5963612, at *3–5 (N.D. Ill. Nov. 12, 2019) (dismissing consequential damages under both breach of contract and warranty claims where purchase agreement expressly disclaimed all consequential damages); *Eastman Chem. Co. v. Niro, Inc.*, 80 F. Supp. 2d 712, 723 (S.D. Tex. 2000) (granting motion to dismiss consequential damages under substantially similar Tennessee law); *cf. Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1041 (S.D. Tex. 2016) (ruling that plaintiff's claim for consequential damages survived only because it pled that it did not receive the limitation of liability document).

49.     For example, in *Ellison Techs., Inc. v. Radical Firearms,* a similar case involving delivery of a large manufacturing machine that the buyer alleged was defective, the parties' contract included a disclaimer of consequential damages very similar to the disclaimer in the Contract. 2019 WL 5963612, at *2. The Court ruled, pursuant to the U.C.C. and substantially similar Illinois law, that the buyer's claim for lost profits and consequential damages were barred by the parties' contract and granted the seller's motion to dismiss. (*Id*. at *3–5.) In short, if a contract for the sale of goods excludes or waives consequential damages, the buyer has no claim for consequential damages, and the court should dismiss those consequential damages claims. *Id.*

### ii.     Plaintiff's Claims for Consequential Damages, in the form of Lost Profits and Attorneys Fees, Are Barred by the Contract

50.     Here, the Contract's consequential damages waiver controls, and Plaintiff's claims for consequential damages, including its request for lost profits and punitive damages should be dismissed. The Contract is governed by the Uniform Commercial Code and Texas law. (*Supra.* Tex. Bus. & Com. Code Ann. § 2.102.) The Contract disclaims all consequential damages. Section 5 of the addendum, provides:

**Limitation on Liability**. In no event will Ellison be liable for any indirect, consequential, special, incidental or punitive damages of any kind from any cause arising out of or related to the Purchase Order, the Products or their installation or the use or inability to use any of the Products. (Ex. A, Appx. at 1-2.)

51.     This broad waiver of consequential damages extends to all claims for damages arising out of the Contract and/or the Machines in any way. (*Id.*) Thus, based on Texas law and the express waiver at Section 5, Plaintiff waived its right to consequential damages when it signed the Contract. Accordingly, Plaintiff has no claim for consequential damages, including its claim for lost profits or punitive damages under any of its claims, and the Court should grant Defendants' motion to dismiss Plaintiff's claim for consequential damages with prejudice.

## IV.   <u>CONCLUSION</u>

Because amendment will not save Plaintiff's claims, Defendants request that the entirety of Plaintiff's claims be dismissed with prejudice to re-filing the same pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE PREMISES CONSIDERED, Defendants pray that their 12(b)(6) and 9(b) Motion to Dismiss be granted, Plaintiff's lawsuit be dismissed against Defendants with prejudice, and for all such other relief that this Defendants are justly entitled to receive.

Respectfully submitted,

 */s/ S. Jan Hueber*
**S. Jan Hueber**
State Bar No. 20331150
hueber@litchfieldcavo.com
**Mahan Wright**
State Bar No. 24096880
wrightm@litchfieldcavo.com
**Alan I. Becker** (*Pro Hac Vice Forthcoming*)
Illinois State Bar No. 0147524
becker@litchfieldcavo.com

**LITCHFIELD CAVO LLP**
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
Telephone: (817) 945-8025
Facsimile: (817) 753-3232
**ATTORNEYS FOR DEFENDANT**
**DMG MORI USA, INC.**


 */s/ Scott A. Shanes*
**Scott A. Shanes**
State Bar No. 00784953
SShanes@clarkhill.com

**CLARK HILL STRASBURGER**
2600 Dallas Parkway, Suite 600
Frisco, TX 75034
Telephone: (469) 287-3906
Facsimile: (469) 227-6568
*Of Counsel*

and

**Roger H. Stetson**
Il. State Bar No. 679862
roger.stetson@bfkn.com
**Caroline H. Sear**
Il. State Bar No. 6317527
carrie.sear@bfkn.com

**BARACK FERRAZZANO**
**KIRSCHBAUM & NAGELBERG LLP**
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
Telephone: (312) 984-3100

**ATTORNEYS FOR DEFENDANT**
**ELLISON TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above pleading was served on this the 8th day of June, 2020, on all counsel of record, by Email in accordance with the Federal Rules of Civil Procedure.

**_Email: EserviceArl@harriscooklaw.com_**
Marc A. Stach
HARRIS COOK, LLP
1309-A West Abram
Arlington, Texas 76013
**ATTORNEYS FOR PLAINTIFF**